UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARQUITA TOBIN     Plaintiff

v.     Civil Action No. 3:24-cv-329-RGJ

INTERLINC MORTGAGE SERVICES, LLC     Defendant

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER

Plaintiff Marquita Tobin ("Tobin") moves to remand. [DE 8]. Defendant InterLinc Mortgage Services, LLC ("InterLinc") responded [DE 13]. Tobin has not replied and the time to do so has passed. This matter is ripe. For the following reasons, InterLinc's Motion to Remand [DE 8] is **DENIED**.

### I.     BACKGROUND

According to the complaint, InterLinc issued a mortgage to Tobin to purchase a home. [DE 1-1 at 7]. Tobin asserts that the mortgage "was to include a Kentucky Mortgage Credit Certificate, which was to provide [Tobin] with its benefits (a tax credit up to twenty-five percent of the annual mortgage interest paid, up to $2,000.00 per year." [*Id*.]. Tobin believes that InterLinc breached the mortgage contract "by failing to cause the Kentucky Mortgage Credit Certificate to apply to [Tobin's] mortgage." [*Id*. at 8]. And she alleges that "when this matter was brought to the attention of [InterLinc], they offered a paltry payment of $2,250.00 to [Tobin] without any written waiver, contract modification or other writing to evidence a modification of the parties contract." [*Id*.]. Tobin argues that InterLinc's actions "violated the [KCPA], KRS § 367.140, insofar as its conduct was unfair, false, misleading, deceptive, and unconscionable." [*Id*.]

1

This action was originally filed in Jefferson Circuit Court, alleging breach of contract and a violation of the Kentucky Consumer Protection Act ("KCPA"). [DE 1 at 1]. Without completing any discovery, InterLinc removed this case to federal court under diversity jurisdiction. [DE 1]. Tobin now moves to remand, claiming that this Court lacks jurisdiction because the amount in controversy is less than $75,000. [DE 8]. In response, InterLinc argues that based on the face of the Complaint, the jurisdictional threshold has been met, and Tobin's Motion to Remand should be denied. [DE 13].

## II.     STANDARD

Removal to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Diversity jurisdiction gives "[t]he district courts . . . original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a), (a)(1). A defendant removing a case has the burden of proving jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The determination of federal jurisdiction in a diversity case should be made at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000).

Generally, courts "conduct a fair reading" of the complaint to determine whether the amount in controversy satisfies the requirements of 28 U.S.C. § 1332(a). *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). Because the plaintiff is "master of the claim," a claim explicitly less than the federal requirement will typically preclude removal. *Rogers*, 230 F.3d at 872 (quoting *Gafford v. General Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993)). Two rules of Kentucky civil procedure complicate the question of proper removal to federal court regarding the amount-in-controversy threshold. First, Kentucky's Rules of Civil Procedure prohibit a

2

plaintiff from making a specific demand for damages in his or her complaint. Ky. R. Civ. P. 8.01(2). In such cases, "the defendant may assert the amount in controversy in the notice of removal." *Jenkins v. Delta Air Lines, Inc.*, No. 3:18-CV-244-CRS, 2018 WL 6728571, at *2 (W.D. Ky. Dec. 21, 2018). And the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 at the time of removal. *Id.* (citing *Rogers*, 230 F.3d at 872).

Second, Ky. R. Civ. P. 54.03 states "[e]xcept as to a party against whom a judgment is entered by default for want of appearance, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." This enables a plaintiff to claim in his complaint an amount lower than the federal amount-in-controversy threshold but still seek and recover damages exceeding the amount prayed for. *Rogers*, 230 F.3d at 871. In such situations, the removing defendant must show that it is "more likely than not" the plaintiff's claims meet the amount-in-controversy requirement at the time of removal. *Gafford*, 997 F.2d at 158.

While attorneys' fees and/or defense costs are not normally considered when determining the amount in controversy, *Williamson v. Aetna Life Ins. Co.,* 481 F.3d 369, 376 (6th Cir. 2007), they are included calculating the amount in controversy (1) when provided by contract, (2) when provided by a statute that expressly mandates or allows the payment of such fees, and (3) when an insurance company will have to pay the underlying defense costs of the insured. *See Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 784 (E.D. Ky. 2008); *Springstead v. Crawfordsville State Bank,* 231 U.S. 541, 541–42 (1913) ("Could such an attorneys' fee be considered in determining whether the jurisdictional amount was involved? We think so . . . [T]he moment suit was brought the liability to pay the fee became a 'matter in controversy,' and as such

to be computed in making up the required jurisdictional amount . . . "). When statutorily permitted, attorneys' fees should be included in the court's calculation. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorneys' fee can be considered in determining whether the jurisdictional amount is met."). And should include all attorneys' fees *to be incurred during the entire case*, as anticipated at the time of removal. *See Heyman v. Lincoln Nat'l Life Ins. Co.,* 781 F. App'x 463, 473–74 & n.2 (6th Cir. 2019). The Sixth Circuit has recognized the amount-in-controversy includes statutorily authorized attorney that are expected to result from a favorable judgment. *Williamson*, 481 F.3d at 377; *Wright v. State Farm Mut. Auto. Ins.*, No. 3:21-CV-563-BJB, 2022 WL 834302, at *3 (W.D. Ky. Mar. 21, 2022).

### III.     ANALYSIS

Tobin does not dispute that complete diversity of citizenship exists between the parties. [DE 8]. She only disputes whether the amount in controversy requirement is satisfied. *Id*. InterLinc argues that the Court should not remand this case because the amount in controversy more likely than not exceeds $75,000. [DE 13]. Thus, the question for the Court is whether the action was properly removed by InterLinc, based on the amount-in-controversy at the time of removal.[1]

---

[1] To establish the jurisdictional threshold, "[a] defendant drawn into a Kentucky court would be wise to engage in pre-removal discovery to clarify the amount in controversy." *Shannon v. PNC Bank, N.A.*, No. 3:14-CV-00421-CRS, 2015 WL 3541850, at *3 (W.D. Ky. June 2, 2015). Evidence of the amount of damages can be obtained through pre-removal interrogatories or requests for admissions. *Id.*; *see also Sanders v. Print Fulfillment Servs., LLC*, No. 3:17CV-245-CRS, 2017 WL 2624550, at *3 (W.D. Ky. June 16, 2017). That said, InterLinc's failure to conduct pre-removal discovery does not necessarily foreclose the ability to establish the requisite amount in controversy at the time of removal. *See Shannon*, 2015 WL 3541850, at *3.

Tobin does not specifically state in her Complaint any amount in controversy. [DE 1-1]. In the notice of removal, InterLinc asserts that Tobin seeks "contract damages of up to $60,000," compensatory damages for alleged KCPA violations, and statutory attorneys' fees. [DE 1 at 3-4]. InterLinc argues that Tobin seeks $60,000 of contract damages because her Complaint alleges "that she is entitled to a tax credit of up to twenty-five percent of the annual mortgage, up to $2,000 per year" and she entered a thirty-year mortgage loan. [*Id.*]. And InterLinc claims that attorneys' fees totaling 50% of a plaintiff's damages are reasonable; therefore, Tobin is likely entitled to at least $30,000 in attorneys' fees ($2,000*30=$60,000, $60,000*50%=$30,000). [*Id.*]. Tobin's motion to remand states that:

> Defendant has failed to offer any proof in support of its Notice of Removal to justify the Court finding the amount in controversy has been satisfied, and the plaintiff herein states that the amount in controversy does not support removal.

[*Id.*]. Yet Tobin's motion does not otherwise challenge any of the assertions regarding the amount of contractual damages or attorneys' fees or even attempt to calculate an alternative amount of claimed damages. [DE 8 at 50].

Trial judges assessing the amount in controversy exercise their discretion to reasonably estimate a plausible fee award assuming plaintiffs achieve success. *See, e.g., Haggard v. Allstate Prop. & Cas. Ins. Co.*, No. 13-cv-12779, 2013 WL 12181716, at *4 (E.D. Mich. Sept. 12, 2013). "Relevant factors providing a basis to estimate attorney fees might include the complexity of the case, the experience of the attorneys, or the amount of fees awarded in similar cases." *Hendricks v. Quickway Transportation, Inc.*, No. 3:20-CV-710-BJB-CHL, 2021 WL 1235265, at *4 (W.D. Ky. Apr. 2, 2021) (quoting *Heartland of Portsmouth, OH, LLC v. McHugh Fuller Law Grp.*, No. 1:15-cv-7, 2015 WL 728311, at *3 (S.D. Ohio Feb. 19, 2015)). "Some speculation is necessary when estimating legal fees," and estimating attorneys' fees close to 50% of the damages claimed

is "not an unreasonable estimate" for purposes of determining the amount in controversy. *See Carrollton Hospitality,* Civil No. 13–21–GFVT, 2013 WL 5934638, at *4 (citing *Pub. Funding Corp. v. Lawrence Cnty. Fiscal Court,* 892 F.2d 80 (6th Cir.1989)). On the one hand, a potential award of only 22 hours of attorney time, at a reasonable hourly rate, sufficed to increase the amount in controversy above $75,000 where compensatory and liquidated damages amounted to $67,602. *See Estes v. Allstate Ins. Co.*, No. 3:12-cv-182, 2012 WL 5362193, at *3 (W.D. Ky. Oct. 30, 2012) (denying remand motion). On the other, a deficit that would require an award of *220* hours of compensable counsel time was too much to reach $75,000 where the amount in controversy with respect to benefits and interest equaled $42,065.60. *See Mathis v. Encompass Ins. Co.*, No. 08-cv-12838, 2008 WL 4279357, at *3 (E.D. Mich. Sept. 15, 2008) (granting remand motion).

InterLinc proffers that with the addition of attorneys' fees, Tobin exceeds the $75,000 jurisdictional threshold because (1) other courts have calculated the amount in controversy by estimating attorneys' fees at 50% of the ultimate damages recovered, and (2) a hypothetical hourly rate of $300 for 50 hours of litigation time is reasonable. [DE 1 at 4]. While 50% of damages recovered is frequently used in this district as a reasonable estimation of fees for amount in controversy purposes, here at $30,000, the court need not reach that percentage to exceed the jurisdictional threshold in this case. In fact, only $15,000 is needed in addition to the pled damages to reach the threshold, and $15,000 represents only 25% of the damages, and when calculated at a reasonable $300 hourly rate only requires only 50 hours of billable time.[2]

---

[2] The Court consulted a Price Waterhouse Cooper Report ("PwC Report") used to determine reasonable attorneys' fees in a recent case. *See Honorable Order of Ky Colonels, Inc. v. Ky Colonels Int'l*, No. 3:20-CV-132-RGJ, 2023 WL 7545041 (W.D. Ky. Nov. 13, 2023). Because this Court issued that order less than a year ago, it finds the PwC Report still reliable to determine local market rates. Defendants use $300 as their reasonable rate, which is significantly below the $455 median rate in the PwC Report; thus, $300 is a reasonable rate. [DE 1 at 4].

While $30,000 for the anticipated complexity of this litigation appears high, $15,000 does not, and falls safely within the limits of other cases in this circuit.  *See Estes* 2012 WL 5362193, at *3 (denying remand motion); *see also Adams v. Brenton*, No. 5:17-251-KKC, 2018 U.S. Dist. LEXIS 193215, at *4 (E.D. Ky. 2018) (finding that $40,385.35 were reasonable attorneys' fees under the KCPA).  The Defendant, as "[t]he party seeking removal bears the burden of establishing its right thereto," *Her Majesty the Queen in Right of Providence of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989), has carried its burden, and the Plaintiff has failed to refute that the contractual damages or attorneys' fee calculations are incorrect or inappropriate.  [DE 8].  As a result, the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied, and the Court has diversity jurisdiction.

## CONCLUSION

Accordingly, the Court, having considered the parties' motions and related filings and being otherwise sufficiently advised, **IT IS ORDERED** as following:

(1) Tobin's Motion to Remand [DE 8] is **DENIED**,

(2) Pursuant to DE 10, Tobin shall have up to ten (10) days following the entrance of this order to response to InterLinc's Motion to Dismiss [DE 7],

(3) The Court will separately refer the parties to the magistrate judge for a Rule 16 conference.

November 6, 2024

Rebecca Grady Jennings, District Judge
United States District Court