UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARQUITA TOBIN                                                                                    Plaintiff

v.                                                                          Civil Action No. 3:24-cv-329-RGJ

INTERLINC MORTGAGE SERVICES, LLC                                                        Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant InterLinc Mortgage Services, LLC ("InterLinc") moves to dismiss Plaintiff Marquita Tobin's ("Tobin") claims under Fed. R. Civ. P. 12(b)(6). [DE 7]. This matter is fully briefed and ripe. [DE 15; DE 18].

On February 21, 2021, InterLinc issued a mortgage to Tobin to purchase a home. [DE 1-1 at 7]. The mortgage "was to include a Kentucky Mortgage Credit Certificate, which was to provide [Tobin] with its benefits (a tax credit up to twenty-five percent of the annual mortgage interest paid, up to $2,000.00 per year.)" [*Id*.]. However, Tobin claims that InterLinc "[failed] to cause the Kentucky Mortgage Credit Certificate to apply to [Tobin's] mortgage." [*Id*. at 8]. And "when this matter was brought to the attention of [InterLinc], they offered a paltry payment of $2,250.00 to [Tobin] without any written waiver, contract modification or other writing to evidence a modification of the parties contract." [*Id*.].

Initially filed in Jefferson County Circuit Court on May 10, 2024, Tobin asserted two claims against InterLinc: (1) breach of contract, and (2) violation of the Kentucky Consumers Protection Act ("KCPA"), Ky. Rev. Stat §367.170. [DE 1-1 at 8]. InterLinc removed this case to federal court under diversity jurisdiction. [DE 1-1].

InterLinc now moves to dismiss Tobin's complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). [DE 7]. InterLinc argues that dismissal under Rule 12(b)(6) is proper because (1) Tobin "does not identify and present the actual terms of the contract allegedly breached [,]" and (2) Tobin's "KCPA claim is time barred and insufficiently pleaded." [*Id*. at 42-44 (citations omitted)]. In response, Tobin asserts that (1) she has sufficiently plead her breach claim, (2) the KCPA claim is not time barred, and (3) the KCPA claim is sufficiently pled. [DE 15]. Tobin also attaches documents to her response that she claims are central to the claims, but which are not referenced or attached to the complaint.

Although this action was originally filed in state court, it has since been removed to federal court. As such, the Federal Rules of Civil Procedure, including Rule 8(a)(2), Rule 9, and the plausibility pleading standard articulated in *Iqbal* and *Twombly*, now apply. Thus, a Plaintiff is required to assert more than what is required under Kentucky's notice pleading standard. Here, Tobin's initial pleading does not meet the requirements set forth in the Federal Rules of Civil Procedure. For one, Tobin's complaint provides conclusory statements that do not meet the plausible pleading standard. And second, Tobin's pleading does not give InterLinc fair notice of Tobin's claims and what they rest upon. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002). As the Court may order repleading after removal, it does so here. Fed. R. Civ. P. 81(c)(2).

Accordingly, the Court, having considered the parties' motions and related filings and being otherwise sufficiently advised, **IT IS ORDERED** as following:

(1) Tobin has 21 days to file an amended complaint in accordance with the Federal Rules of Civil Procedure.

(2) InterLinc's Motion to Dismiss is **DENIED** as moot.

Rebecca Grady Jennings, District Judge
United States District Court

January 17, 2025

3