UNITED STATES DISRTICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MARQUITA TOBIN )<br>    PLAINTIFF )<br>)<br>VS. )<br>)<br>INTERLINK MORTGAGE SERVICES )<br>LLC )<br>    DEFENDANT ) | CASE NO.: 3:24-CV-00329-RGJ |

## FIRST AMENDED COMPLAINT

Plaintiff, by counsel, states as follows for her amended complaint in this action:

1. All events complained of occurred in Jefferson County, Kentucky. The Court has subject matter jurisdiction over this controversy and may exercise personal jurisdiction over the defendant, who has a branch operating in Jefferson County, Kentucky, located at 11822 Ransum Drive, Suite 201, Louisville, Kentucky 40243.

2. The plaintiff resides in and is a citizen of the Commonwealth of Kentucky, with an address of 1729 Marlow Road, Louisville, Kentucky 40216.

3. On or about February 21, 2021, the defendant issued a mortgage to the plaintiff to secure the home where she now resides. The mortgage is a contract under Kentucky law and is attached as exhibit one to this first amended complaint. The contract was supported by the mutual assent of the parties wherein the defendant loaned money and agreed to secure the tax credit benefit in exchange for monthly payments with interest and a

$500.00 payment for the tax credit to be secured, via the Kentucky Mortgage Credit Certificate, which was to provide the plaintiff with its benefits (a tax credit of up to twenty-five percent of the annual mortgage interest paid, up to $2,000.00 per year). A copy of the real estate closing document showing the plaintiff paid $500.00 to the defendant for this tax credit is attached as exhibit two of this first amended complaint. So, a contract was formed for a traditional mortgage and the tax credit.

4.    The defendant breached the contract by failing to cause the Kentucky Mortgage Credit Certificate to apply to the plaintiff' mortgage. The defendant has acknowledged its breach, referring to it as a clerical error as set forth in exhibit 3 to this first amended complaint.

5.    This breach of contract has damaged the plaintiff economically, and she is entitled to be made whole for the defendant's breach of this contract. Her damages are measured by the lost tax credits.

6.    Further, when this matter was brought to the attention of the defendant, they offered a paltry payment of $2,250.00 to the plaintiff without any written waiver, contract modification or other writing to evidence a modification of the parties' contract. That payment has since been rejected by the plaintiff.

7.    The defendant's failure to perform its obligation under the mortgage and related obligations supported by mutual consideration is a breach of contract because it charged the plaintiff for an item that it failed to deliver, harming her by taking her $500.00 without providing the tax credit she bargained for and the tax credits that she is denied because of the defendant's failure to perform its duties that it agreed to perform.

WHEREFORE, the plaintiff demands the following:

a.  Her financial loss for the defendant's breach of the contract;

b.  Her costs herein expended; and,

d.  Any other relief to which she may be entitled.

        Respectfully submitted,

        */s/ J. Bart McMahon*
        J. Bart McMahon, 18773-39
        119 South Seventh Street
        Fourth Floor
        Louisville, KY 40202
        502-589-4713
        Jbartmc@mac.com
        *Counsel for Plaintiff*